## UNITED STATES DISTRICT COURT
### FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6.3.4
### Eastern Division

Matthew Crawford

                       Plaintiff,

v.                                               Case No.: 1:22−cv−01817
                                                  Honorable John Robert Blakey

Google

                       Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Tuesday, April 12, 2022:

      MINUTE entry before the Honorable John Robert Blakey: Plaintiff submitted a pro se complaint seeking to sue Google for civil rights violations based upon his inability to access his email accounts and difficulties he experienced with Google products, [1]. He also filed an application for leave to proceed in forma pauperis [3]. The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure indigent litigants meaningful access to the federal courts while simultaneously preventing indigent litigants from filing frivolous, malicious, or repetitive lawsuits. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Before authorizing a litigant to proceed in forma pauperis, the Court must make two determinations: first, the Court must determine that the litigant is unable to pay the $400 filing fee; and, second, the Court must determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief. 28 U.S.C. § 1915(a), (e). The first determination is made through a review of the litigant's assets as stated in an affidavit submitted to the Court. The second is made by looking to the plaintiff's allegations. An action is frivolous if it is clear that the legal theory or the facts alleged are baseless or irrational. Neitzke, 490 U.S. at 324; Denton v. Hernandez, 504 U.S. 25, 31 (1992). Here, Plaintiff's application for leave to proceed in forma pauperis [3] is incomplete; for example, he indicates that he has money in cash or a checking or savings account, but failed to indicate how much he possesses (he answered "unknown"), [3] at 2. More importantly, Plaintiff's complaint is frivolous; among other flaws, Plaintiff's complaint fails to state a claim under § 1983 because the allegations fail to rise to the level of a constitutional violation and also do not involve state actors. E.g., Wilson v. Warren County, Illinois, 830 F.3d 464, 468 (7th Cir. 2016) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981); Armato v. Grounds, 766 F.3d 713, 719−20 (7th Cir. 2014)). For a private actor to "act under color of state law he must have 'had a meeting of the minds and thus reached an understanding" with a state actor to deny plaintiffs a constitutional right." Id. (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 (1970)). See also Hanania v. Loren−Maltese, 212 F.3d 353, 356 (7th Cir. 2000) (private individual acts under color of law "if there was a concerted effort between the individual and a state actor"). As a result, the Court denies Plaintiff's application for leave to proceed in forma pauperis [3], dismisses his complaint [1], and dismisses this case. Mailed notice(gel, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.